G. Atiles Moréu, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada y Julio Cruz Alvarez, lesionado.

Núm. 305.—*Sometido:* Marzo 20, 1944. *Resuelto:* Marzo 31, 1944.

*Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar y Joaquina Pérez Cordero, Ángel de Jesús Matos, Joaquín Correa Suárez y A. Sandín del Manzano,* abogados los cuatro últimos del Fondo del Estado, abogados todos del recurrente; *Julio Cruz Almodóvar,* por su propio derecho.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 14 de diciembre de 1942 Julio Cruz Alvarez, alegando que el 10 de diciembre había sufrido un accidente en el curso de su empleo a consecuencias del cual se le desarrolló una hernia, solicitó y obtuvo tratamiento médico suministrádole por un médico del Fondo del Seguro del Estado. Después de recibir el informe de sus asesores médicos, el Administrador del Fondo del Seguro del Estado resolvió el 17 de diciembre que el alegado accidente no le había ocasionado la hernia. Entonces el obrero apeló ante la Comisión Industrial, alegando que la hernia había sido causada por un ac-

cidente en el curso de su empleo y que necesitaba tratamiento médico adicional para la misma. Se celebró una vista médica ante la Comisión el 21 de diciembre, en la cual informaron los asesores médicos del Fondo del Seguro del Estado y de la Comisión. Como consecuencia de sus informes, la Comisión sostuvo la decisión del Administrador. Luego el obrero solicitó de la Comisión una vista pública, la que se celebró el 17 de febrero de 1943. En dicha vista el obrero trajo como testigo a su propio médico. El 11 de agosto de 1943, seis meses después, la Comisión resolvió que la hernia era el resultado de un accidente compensable sufrido por el obrero el 10 de diciembre de 1942, y ordenó al Administrador a "determinar el tratamiento que necesite, o para compensarlo del mismo en la forma que fuere procedente".

En virtud de dicha resolución del 11 de agosto de 1943, el Administrador sometió al obrero a tratamiento médico desde el 27 de agosto de 1943 hasta diciembre 1943, cuando se le dió de alta. El Administrador, sin embargo, se negó a hacer pago alguno al obrero por el período comprendido desde el 10 de diciembre 1942—fecha del accidente—hasta el 27 de agosto de 1943, fecha en que empezó el tratamiento médico. De esta decisión nuevamente apeló el obrero para ante la Comisión. La Comisión celebró una vista sobre esta cuestión, en la que declararon los doctores en representación (1) de la Comisión, (2) del Fondo del Seguro del Estado, y (3) del obrero. La Comisión ordenó el pago de dietas al obrero empezando siete días después de la fecha del accidente, el 10 de diciembre de 1942. Expedimos el auto al solicitar el Administrador que revisemos esta última resolución.

■■ Empezamos por indicar que la demora de seis meses incurrida por la Comisión al resolver este asunto fué enteramente injustificada, especialmente en un caso de esta índole. La resolución de la Comisión, que aquí se ataca, no ofrece razón alguna para esta demora. Unicamente dice que "La demora en la resolución del caso es lo que ha traído

todo esto. Pero de eso no puede hacerse responsable al obrero ni debe él sufrir las consecuencias. Afortunadamente ya esos procedimientos dilatorios no existen en la Comisión Industrial.''

Sin embargo, no·podemos estar obligados por simpatías hacia el obrero debido a la demora ocurrida en la resolución de este caso. Para poder confirmar la resolución de la Comisión, debemos encontrar alguna prueba en el récord,.que justifique tal actuación. La Ley núm. 45, Leyes de Puerto Rico, 1935, dispone en su artículo 3, párrafo 2, que el obrero tendría derecho ''Si la incapacidad fuere de carácter temporal o transitoria a una compensación de la mitad del jornal que percibía el día del accidente, o que hubiera de percibir a no ser por la ocurrencia del accidente, *durante el período de incapacidad para el trabajo,* pagadera por semanas vencidas.'' (Bastardillas nuestras). Esta es una disposición enteramente diferente a aquella que se encuentra en una ley anterior en cuanto a que debe pagarse al obrero la misma cantidad ''durante el tiempo que permanezca bajo tratamiento facultativo''. (Ley núm. 102, Leyes de Puerto Rico, 1925, artículo 3, párrafo 2).

Como hemos visto, hubo conflicto en las declaraciones de los médicos en cuanto a si ocurrió un accidente compensable. Esta controversia se resolvió contra el Fondo del Seguro del Estado, y éste no se queja ahora ·de dicha resolución. Pero sí alega que en la vista celebrada después su médico y el de la Comisión testificaron que la hernia—ya fuera ésta una anterior, como alegaban ellos, o una proveniente de un accidente ocurrídole en el curso de su empleo, como alega el obrero—en manera alguna incapacitó a Cruz para trabajar desde la fecha del accidente hasta el 27 de agosto de de 1943, fecha en que empezaron sus dietas y tratamiento. El médico del obrero, no obstante estar presente y ofrecer algún testimonio, no declaró lo contrario en cuanto a este punto. Por tanto no hay prueba en el récord que justifique

382

la resolución de la Comisión en cuanto a que el obrero tiene derecho a la compensación aquí envuelta a partir de siete días después de la fecha del accidente.

*La resolución de la Comisión Industrial será revocada.*

El Juez Presidente Sr. Travieso no intervino.